IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL LUIS ORTIZ-RODRIGUEZ,<br><br>Plaintiff<br><br>v.<br><br>MARLENE NEGRON VELAZQUEZ,<br>LETICIA PABON,<br>JOHN DOE and RICHARD ROE,<br><br>Defendants | CIVIL NO. 05-1003(HL) |

# OPINION AND ORDER

Pending before the Court are co-defendant's Leticia Pabón's Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and plaintiff's opposition thereto. (Docket Nos. 9 and 15, respectively). The appearing co-defendant, a State prosecutor sued in both her official and individual capacities, moves the Court for dismissal of plaintiff's complaint on grounds of absolute prosecutorial immunity and Eleventh Amendment.

For the reasons stated herein, all money damage claims as to co-defendant Leticia Pabón in her official capacity are DISMISSED pursuant to the Eleventh Amendment. All other claims remain pending before the Court.

### The Complaint

The facts that gave rise to the instant complaint occurred on January 30, 2004, when Nora Esther Hernández Morales (the "client") visited "Empeños Ortíz," a pawn shop owned by the plaintiff. The client claimed the return of certain jewelry items to Jessica Ortíz (the "attendant") who was tending the pawn shop. The attendant explained to the client that the items were kept in a bank safety deposit box and could not be delivered until the next day. The situation then turned hostile, prompting the attendant to call the plaintiff.

Civil No. 05-1003(HL) Page -2-

Some time after plaintiff's arrival at the pawn shop, various police officers, including co-defendant Marlene Negrón Velázquez, a police officer, also arrived and inquired as to the whereabouts of the client's jewelry, demanding it be returned to her.  Plaintiff explained that he could not return the jewelry immediately because it had been deposited in the bank and he could not get it until the following day during the bank's working hours.  Officer Marlene Negrón Velázquez then placed a telephone call to Assistant District Attorney Leticia Pabón ("Pabón").  Thereafter, plaintiff claims he was frisked, handcuffed, and transported to the Carolina Police Headquarters where he was detained in a cell.  Plaintiff asserts that the police officers used excessive force during his arrest.

Plaintiff, claims both monetary relief and punitive damages in the sum of $1 million.

Co-defendant Pabón has moved to dismiss the complaint on two grounds: that (1) the suit is barred by the Eleventh Amendment doctrine; and, that (2) her conduct as a State prosecutor is protected by absolute prosecutorial immunity.

**Applicable Legal Standards**

A claim under 42 U.S.C. § 1983 has two essential elements: (1) the conduct complained of must have been committed under color of state law, and (2) the conduct must have worked a denial of rights that are protected by the Constitution or laws of the United States. The second element has two aspects: (i) there must have been a deprivation of federal rights, and (ii) there must have been a causal connection between the conduct complained of and the deprivation of rights.  Rodríguez-Narvaez v. Pereira, ___ F.Supp.2d ___, 2005 WL 2878095, *2 (D.P.R. Nov. 2, 2005) (citations and quotations omitted).  See also, Cabrera-Negrón v. Municipality of Bayamón, ___ F.Supp.2d ___, 2006 WL 401667 (D.P.R. Feb. 16, 2006).

Civil No. 05-1003(HL)                                                                                        Page -3-

"In ruling on a [Fed. R. Civ. P.] 12(b)(6) motion to dismiss, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiff's favor. A court should not dismiss a complaint for failure to state a claim unless it is clear that the plaintiff will be unable to prove any set of facts which would entitle him or her to recovery. However, this deferential standard is not a toothless tiger. The court is not obliged to accept bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Rodríguez-Narvaez, id., at *1 (internal citations and quotations omitted).

"[I]n order to survive a motion to dismiss, plaintiff must set forth factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery. In sum, a claim shall be dismissed under Rule 12(b)(6) only if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief." Morán-Vega v. Cruz-Burgos, ___ F.Supp.2d ___, 2006 WL 696090, *1 (D.P.R. March 19, 2006) (internal citations and quotations omitted).

## Discussion

The Eleventh Amendment bars money damage claims under Section 1983 asserted by a private individual against an unconsenting state. Will v. Michigan Dept. of State Police, 491 U.S. 58, 62 (1989); Wilson v. Brown, 889 F.2d 1195, 1197 (1st Cir. 1989). That is because the Eleventh Amendment embodies a constitutional constraint on the exercise of federal judicial power that renders an "unconsenting state immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Employees of Dept. of Public Health & Welfare v. Dept. of Public Health & Welfare, 411 U.S. 279, 280 (1973). "This principle applies with full force to the states of

Civil No. 05-1003(HL)                                                                                            Page -4-

the Union.  Likewise, this principle is applicable to Puerto Rico," Ursulich v. Puerto Rico National Guard, 384 F. Supp. 736, 737 (D.P.R. 1974), which "despite the lack of formal statehood, enjoys the shelter of the Eleventh Amendment in all respects." Ezratty v. Commonwealth of Puerto Rico, 648 F.2d 770, 776 (1st Cir. 1988).  See also, De León López v. Corporación Insular de Seguros, 931 F.2d 116, 121 (1st Cir. 1991) ("The Eleventh Amendment, despite the absence of any express reference, pertains to Puerto Rico in the same manner, and to the same extent, as if Puerto Rico were a State."); Figueroa-Rodríguez v. Aquino, 863 F.2d 1037, 1044 (1st Cir. 1988) (holding that the Eleventh Amendment deprives the federal court from hearing claims for damages against the Commonwealth of Puerto Rico).

In Reyes v. Supervisor of Drug Enforcement Administration, 647 F. Supp. 1509, 1513 (D.P.R. 1986), aff'd, 834 F.2d 1093 (1st Cir. 1987), it was established that a claim for money damages against the Puerto Rico Police Department in federal court is barred by the Eleventh Amendment.

Eleventh Amendment immunity has also been extended to suits brought against state officials in the exercise of their duties to uphold government policy where recovery will come from the public fisc. Kentucky v. Graham, 473 U.S. 159 (1985).

"Official-capacity suits ... generally represent only another way of pleading an action against an entity of which an officer is an agent.  As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Id., at 165-66 (internal citations and quotations omitted).

In other words, "a suit against a state official in his or her official capacity is not a

Civil No. 05-1003(HL)	Page -5-

suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the state itself." Will, 491 U.S. at 71 (internal citations and quotations omitted).

"Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the state has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." Id., at 66 (internal citations and quotations omitted).

In line with the foregoing, the Court concludes that plaintiff's request for relief in the form of money damages against Pabón, a State prosecutor, in her official capacity is barred.  The Commonwealth of Puerto Rico has not consented to be sued for damages in federal Court.  Because a suit against the appearing co-defendant, as a State prosecutor/official in her official capacity is not properly a suit against her personally but against her office, it is barred as if the suit had been brought against the Department of Justice of the Commonwealth of Puerto Rico, a government entity.  It thus appears beyond doubt that plaintiff can prove no set of facts in support of the claim against the appearing co-defendant in her official capacity that would entitle him to monetary relief.

Further, the Court has examined Pabón's request that the complaint be dismissed as to her in her individual capacity on grounds that her actions as a State prosecutor are entitled to absolute prosecutorial immunity.  The Court agrees that a prosecutor enjoys absolute immunity from suit based on actions taken pursuant to his quasi-judicial function.  Celia v. O'Malley, 918 F.2d 1017, 1019 (1st Cir. 1990).  However, as in

Civil No. 05-1003(HL)                                                                                                    Page -6-

Guzmán-Rivera v. Rivera-Cruz, 55 F.3d 26, 29 (1st Cir. 1995), Pabón seems "to think that absolute immunity extends to all conduct that facilitates the prosecutorial function." This rule is not all-inclusive since "some, but not all, of the prosecutor's preparatory acts in initiating a prosecution and presenting the State's case are absolutely immune." Id.

In any event, the Court declines to rule on the merits of this matter within the context of Fed. R. Civ. P. 12(b)(6) and finds that "[a]scertaining whether [appearing co-defendant's] conduct fell within the scope of conduct protected by the doctrine of absolute prosecutorial immunity would require a more developed factual record, and would be best addressed in a motion for summary judgment after discovery ..., has been conducted." Núñez González v. Vázquez Garced, 389 F.Supp.2d 214, 223 (D.P.R. 2005).

Therefore, accepting as we must, all well-pled factual averments in the complaint as true and drawing all reasonable inferences in plaintiff's favor, the Court cannot at this time, pursuant to a Rule 12(b)(6) motion, make a determination that no relief is possible under any set of facts that could be established consistent with the allegations.

WHEREFORE, the Motion to Dismiss (Docket No. 9) is GRANTED IN PART and DENIED IN PART.  The claim for money damages against Pabón in her official capacity is DISMISSED.  All other claims remain before the Court.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of March, 2006.

                                                            s/ Héctor M. Laffitte
                                                            HECTOR M. LAFFITTE
                                                            U.S. DISTRICT JUDGE